IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:15-CV-81475-BLOOM/Reinhart

TAMMY HATALA,

    Plaintiff,

v.

SUSTAINABLE CONCEPTS DEVELOPMENT,
LLC, a Florida limited liability Corporation, *et al.*,

    Defendants.

_____/

## REPORT AND RECOMMENDATION ON NON-PARTIES' MOTION TO QUASH, OR ALTERNATIVELY, FOR PROTECTIVE ORDER [ECF No. 33]

On March 22, 2022, the Honorable Beth Bloom referred to me for a Report and Recommendation the Motion to Quash, or Alternatively, for Protective Order ("Motion to Quash") (ECF No. 33) filed by non-parties Lauren Roper ("Mrs. Roper") and the Lauren Roper Revocable Living Trust (the "Lauren Roper Trust") (collectively, the "Roper Non-Parties"). ECF No. 35. Plaintiff Tammy Hatala ("Plaintiff") filed a Response in Opposition to the Motion to Quash ("Response"). ECF No. 36. The Roper Non-Parties filed a Reply in support of their original Motion ("Reply"). ECF No. 37. I have reviewed the pleadings and exhibits attached thereto. This matter is now ripe for review. For the reasons discussed below, I **RECOMMEND** that the Roper Non-Parties' Motion to Quash be **GRANTED in part and DENIED in part**.

1

I.      BACKGROUND AND PROCEDURAL HISTORY

This matter arises out of Plaintiff's Complaint, filed on October 23, 2015, against Defendants Sustainable Concepts Development, LLC, Aldo Paredes, Paul Reynolds, Rodney Demery, and Simon Roper for unpaid wages under the Fair Labor Standards Act ("FLSA"). ECF No. 1. On February 11, 2016, the Court granted Plaintiff's Motion for Default Judgment against Defendants, including Simon Roper ("Mr. Roper") and awarded Plaintiff $58,719.46 in damages (the "Judgment"). ECF No. 23. The Court also later granted Plaintiff's Motion for Attorneys' Fees, awarding Plaintiff $6,491.50 in attorneys' fees. ECF No. 28. Mr. Roper and his co-defendants were jointly and severally liable for the total damages award, including attorneys' fees. ECF No. 23. Mr. Roper, individually, is the judgment debtor. *Id*. Neither Lauren Roper nor the Lauren Roper Trust were parties to the underlying case and thus are not judgment debtors. To date, Plaintiff has yet to collect any portion of the final judgment amount.

Mr. Roper died in or around December 2021. ECF No. 33 at 2. After his death, Mrs. Roper, "as the grantor and trustee of The Roper Revocable Living Trust ("Family Trust") listed three properties for sale that were owned and controlled by the Family Trust since 2007." *Id*. During the sale of one of the properties, a title company conducting a standard search for grantors of the Family Trust found the Judgment and contacted Plaintiff to inquire about the status of the Judgment. *Id*. *See also* ECF No. 36 at 1–2. On February 15, 2022, Plaintiff served subpoenas on the Roper Non-Parties requesting not only documentation concerning Mr. Roper's assets and his

estate, but information regarding Mrs. Roper and her relationship to the Lauren Roper Trust and the Lauren Roper Trust's assets and financial information. *See* ECF Nos. 33-1 ("Mrs. Roper Subpoena") and 33-2 ("Lauren Roper Trust Subpoena"). Plaintiff also served a third subpoena on the law firm of Wright and Case, P.A. ("W&C") seeking "non-privileged documents related to the real property and assets of Simon Roper, his estate and/or trusts with which he is associated." ECF Nos. 36 at 2 and 33-2 ("W&C Subpoena").[1]

The Roper Non-Parties seek an order quashing the subpoenas, arguing that (1) they are overly broad, excessive, and unduly burdensome; (2) they are procedurally improper because (a) they were served without the Court's authorization to seek discovery in aid of execution from a non-party and (b) Plaintiff provided no evidence to establish that the properties in question are assets owned by, or for the benefit of, Mr. Roper (the judgment debtor). The Roper Non-Parties also seek an order from the Court preventing W&C from producing documents in response to the W&C Subpoena.

Plaintiff argues that the Motion to Quash should be denied because (1) the Motion's argument that the subpoenas are overbroad and unduly burdensome is conclusory and fails to meet the burden imposed by the federal rules; and (2) Plaintiff

---

[1] W&C has filed an objection to the W&C Subpoena indicating that although the firm never represented Simon Roper, the Estate of Simon Roper, the Lauren Roper Trust, or the Simon Roper Trust, it has some responsive information related to the "three (3) parcels of real property identified in the Subpoena and is prepared to provide responsive production of documents related thereto excluding attorney-client privilege and work product but will await the court's ruling on the Motion to Quash . . . before providing any documentation that may contain confidential or personal information of W&C's client, Lauren Roper." ECF No. 32.

3

is not required to go through proceedings supplementary in order to obtain relevant discovery, thus an order from the Court authorizing the discovery is not necessary at this stage.

## II. ANALYSIS

### A. *Undue Burden*

Federal Rule of Civil Procedure 45(d)(3) specifies when a court should, or must, quash a subpoena to a third-party. The applicable legal standard depends on the nature of the documents called for by the subpoena. As relevant here, a Court *must* quash or modify a subpoena that "(iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv).

The objecting party bears the burden of establishing that compliance would entail an undue burden. *See McNamara v. Gov't Employees Ins. Co.*, No. 8:17-CV-3060-T-23CPT, 2018 WL 8193869, at *2 (M.D. Fla. Dec. 21, 2018) ("Regardless of whether it is a party or non-party, a movant seeking to quash or modify a subpoena under Rule 45(d)(3) bears the burden of showing that it is entitled to the requested relief.").

Rule 26(b)(1) instructs:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

By the plain language of Rule 26(b)(1), the proportionality factors (which include

4

undue burden) limit what documents a requesting party may obtain, without regard for whether the request is to another party under Rule 34 or to a non-party under Rule 45. *See, e.g., Hatcher v. Precoat Metals*, 271 F.R.D. 674, 675 (N.D. Ala. 2010) ("Rule 45 must be read in conjunction with Federal Rule of Civil Procedure 26 because the latter rule 'clearly defines the scope of discovery for all discovery devices.'") (citing 9 Wright & Miller, *Federal Practice and Procedure;* Civil 3rd § 2452 (3rd ed. 2008)).

I agree with Plaintiff that the Roper Non-Parties have not met their heavy burden of demonstrating how the requests are unduly burdensome. The Roper Non-Parties simply made conclusory statements in their Motion arguing that the Subpoenas are unduly burdensome but did not articulate their theory of *how* they would be unduly burdened if required to answer the Subpoenas. *Armor Screen Corp v. Storm Catcher, Inc.*, No. 07-81091, 2009 WL 455428, at *3 (S.D. Fla. Feb. 23, 2009) (J. Vitunac) (citing *U.S. v. Garrett*, 571 F.2d 1323, 1326 n. 3 (5th Cir.1978) (a party seeking a protective order bears the burden to demonstrate good cause and must make "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements" supporting the need for a protective order)).

Accordingly, I recommend that the Roper Non-Parties' Motion be DENIED with respect to their argument that the Subpoenas are unduly burdensome. However, as discussed in detail below, I recommend that the Roper Non-Parties' Motion should be GRANTED in part and DENIED in part with respect to relevance as it relates to post-judgment discovery under Rule 1.560, Florida Rules of Civil Procedure.

B. *Procedure for Post-Judgment Discovery*

Federal Rule of Civil Procedure 69(a) addresses discovery related to the execution of money judgments and states in pertinent part:

> **(2) *Obtaining Discovery.*** In aid of the judgment or execution, the judgment creditor . . . may obtain discovery from *any* person – including the judgment debtor – as provided in these rules or by the procedure of the state where the court is located.

(emphasis added). Under this Rule, discovery may be had of the judgment debtor or third persons without separate suit and, if discovery is pursued under the federal rules . . . all the discovery devices of the Rules may be used as in the progress of the action." *Caisson Corp v. Cnty W. Bldg. Corp.*, 62 F.R.D. 331, 334 (E.D. Pa. 1974).

"Rule 69 allows for broad discovery against the judgment debtor." *Bel Trading & Consulting, Ltd. v. KNM Worldwide Services, LLC*, No. 14–22313–MC, 2014 WL 3865952, *2 (S.D. Fla. Aug. 6, 2014) (citing 12 Wright & Miller, *Federal Practice and Procedure* § 3014 (2d ed.2013)). "However, without a particularized showing of necessity and relevance, courts typically limit the examination of third-parties to the judgment debtor's assets and third-parties are generally not required to disclose their own assets." *Id.* (and citing *Trustees of N. Florida Operating Eng'rs Health & Welfare Fund v. Lane Crane Serv., Inc.,* 148 F.R.D. 662, 663–64 (M.D. Fla. 1993).

Rule 1.560, Florida Rules of Civil Procedure, tracks the language of Rule 69(a) and provides. "In aid of a judgment, decree, or execution the judgment creditor or the successor in interest, when the interest appears of record, may obtain discovery from *any person*, including the judgment debtor in the manner provided in these rules." (emphasis added).

Similarly, Rule 69(a)(1) of the Federal Rules of Civil Procedure provides that proceedings supplementary in aid of judgment or execution "must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1). Florida Statutes § 56.29 provides the means by which a judgment holder is entitled to proceeding supplementary and also explicitly provides that the Court "may order any property of the judgment debtor, not exempt from execution, in the hands of any person or due to the judgment debtor to be applied toward the satisfaction of the judgment debt." Fla. Stat. § 56.29(5). "It has been held, however, that Rule 1.560, Florida Rules of Civil Procedure, which follows almost verbatim language contained in Rule 69(a), FRCP, is a separate basis for obtaining discovery in aid of execution.". *Trustees of N. Florida Operating Engineers Health & Welfare Fund v. Lane Crane Serv., Inc.*, 148 F.R.D. 662, 663 (M.D. Fla. 1993) (citing *Nobles v. Ring Power Corp.*, 531 So.2d 1023, 1025 (Fla. 1st DCA 1988) (per curiam); *Conrad v. McMechen*, 338 So.2d 1306, 1307 (Fla. 4th DCA 1976)).

> Indeed, it has been suggested: "[T]he judgment creditor might find it convenient to resort first to the discovery procedure for the purposes of determining whether any third persons hold property belonging to the [judgment] debtor. Once this information is obtained, and it is determined that the third parties refuse to allow the property to be applied to the judgment creditor's judgment, he may then commence supplementary proceedings in aid of execution."

*Id.* (citing *Conrad*, 338 So.2d at 1307). Accordingly, the Court in *Trustees of North Florida Operating Engineers Health & Welfare Fund* held that the plaintiffs in that case could appropriately seek to obtain discovery from the non-parties pursuant to either Rule 69(a), FRCP, or Rule 1.560, Florida Rules of Civil Procedure, to determine

7

whether the non-parties held property belonging to the judgment debtor. *Id.* at 664. "Subsequently, they may move to implead [the non-parties], if appropriate. Plaintiffs can hardly be expected to make the prima facie showing required to implead [the non-parties] before having access to discovery which would allow them to determine if such a showing can be made." *Id.*

In keeping with the findings of the Court in *Trustees of North Florida Operating Engineers Health & Welfare Fund*, I agree with Plaintiff that she is not required to institute proceedings supplementary before issuing the subpoenas to the Roper Non-Parties. At this stage, she is entitled to gather discovery, following the procedure as set forth in Florida Rule 1.560 to determine whether non-parties hold property or assets belonging to the judgment debtor, Mr. Roper.

That she has followed the proper procedure for attempting to obtain discovery, however, does not end the inquiry. "There must be a threshold showing of the necessity and relevance of the discovery sought from the [non-parties]." *Id.* (citing *Blaw Knox Corp. v. AMR Industries, Inc.*, 130 F.R.D. 400, 403 (E.D. Wis.1990)). In *Trustees of North Florida Operating Engineers Health & Welfare Fund*, the Court found that the plaintiffs had made a sufficient threshold showing for the requested discovery:

> Plaintiffs have demonstrated through deposition and affidavit testimony the following: (1) Defendant became defunct on December 21, 1990, within approximately one month of the formation of [non-party company]; (2) Kenneth Lane, the son of the principal of Defendant, Raymond Lane, is the sole owner of [the non-party company]; (3) the former address of Defendant is the current address of [the non-party company], which premises are owned by Lane Land Trust, of which Raymond Lane is a part owner; (4) [the non-party company] engages in

8

> the crane rental business and has the same kind of equipment on its premises as did Defendant; (5) [the non-party company] serves at least one customer formerly served by Defendant; and (6) [the non-party company] employs some of the same people previously employed by Defendant. While any one of these factors standing alone might not be sufficient to make the requisite showing, the Court believes in combination they provide a basis for Plaintiffs' allegation of alter ego relationship sufficient to justify the requested discovery.

*Id*.

Here, Plaintiff is not alleging an alter ego relationship. Instead, her Response alleges simply that, "Mrs. Roper is the surviving spouse to Simon Roper, and upon information and belief, Simon Roper and Lauren Roper were the trustees and settlors of the trust. It is believed that the assets of the deceased judgment debtor are now held by the trust, such as the real property that led to the title company's recent lien inquiry." ECF No. 36 at 5. Plaintiff further argues that "[w]ithout the requested discovery, Plaintiff has no reasonable alternative for discovering information related to the deceased judgment debtor's assets to ultimately execute upon the Judgment." *Id*. at 6. The Roper Non-Parties argue that this conclusory pleading is not enough and does not satisfy Plaintiff's burden to lay the proper predicate by "providing a good reason and close link between the unrelated entity and the judgment debtor." ECF No. 37 at 2 (citing *Gen. Elec. Capital Corp. v. Nunziata*, 124 So. 3d 940, 942 (Fla. 2d DCA 2013); *Winderting Investments, LLC v. Furnell*, 144 So. 3d 598 (Fla. 2d DCA 2014)).

In reviewing the three Subpoenas sent in this case, I agree with the Roper Non-Parties that Plaintiff has not provided "a good reason and close link between the [Roper Non-Parties] and [Mr. Roper personally]." *Nunziata*, 124 So. 3d at 942 (citing

9

*Walter v. Page*, 638 So.2d 1030 (Fla. 2d DCA 1994)). As the Court in *Nunziata* noted

> 'a [subpoena] is not the equivalent of a search warrant [ ] and should not be used as a fishing expedition to require a witness to produce broad categories of documents which the party can search to find what may be wanted.' [*Walter*, 638 So.2d at 1031.] (citing *Palmer v. Servis*, 393 So.2d 653 (Fla. 5th DCA 1981)). This is especially true where the person subject to the subpoena is not the judgment debtor. *See, e.g.*, *Jim Appley's Tru–Arc, Inc. v. Liquid Extraction Sys. Ltd. P'ship*, 526 So.2d 177, 179 (Fla. 2d DCA 1988) (prohibiting discovery by judgment creditor into separate income and assets of judgment debtor's wife). If a proper predicate is laid, someone other than the judgment debtor may be required to submit to financial discovery, but in this case, [judgment debtor]'s counsel has not laid the proper predicate.

*Id*. at 943 (internal citations omitted).

That there may be a close link between Mr. Roper personally and a trust titled the "Simon Roper Trust," is self-explanatory. Thus, I find that the portions of the subpoenas requesting documents and information related solely to Mr. Roper, personally, and the Simon Roper Trust are appropriate post-judgment discovery requests pursuant to Rule 1.560, Florida Rules of Civil Procedure. Thus, the Motion to Quash should be DENIED in that respect and Mrs. Roper, the Lauren Roper Trust, and W&C should be required to respond to those portions of the Subpoenas that request information and documentation related to the connection between Mr. Roper, personally, and the Simon Roper Trust.

However, the Subpoenas do not stop with requests related solely to Mr. Roper, his estate, and assets owned/controlled by him or the Simon Roper Trust. The Subpoenas also request documents related to Mrs. Roper personally and the Lauren Roper Trust. I do not find that Plaintiff has laid the proper predicate necessary to require Mrs. Roper, the Lauren Roper Trust, or W&C to submit any documents that

disclose the income and assets belonging to Mrs. Roper or the Lauren Roper Trust. Unlike in *Trustees of North Florida Operating Engineers Health & Welfare Fund*, where the plaintiffs demonstrated through deposition and affidavit testimony a sufficient threshold showing of the necessity and relevance of the discovery sought from the non-parties, Plaintiff has not provided sufficient evidence, by way of affidavits, deposition testimony or otherwise, that Mrs. Roper or the Lauren Roper Trust are financially linked to Mr. Roper.

Accordingly, I recommend that the Roper Non-Parties' Motion to Quash be GRANTED in part and DENIED in part in that the Roper Non-Parties should not be compelled to answer the portions of the Subpoenas that seek records and documents related solely to Mrs. Roper and her personal communications and finances, or the Lauren Roper Trust and its finances.

## RECOMMENDATION

For the foregoing reasons, I RECOMMEND that the Roper Non-Parties' Motion to Quash (ECF No. 33) be **GRANTED** in part and **DENIED** in part as follows:

1. The Motion to Quash should be **DENIED** as to any requests within the Subpoenas that seek information and documents related solely to Mr. Roper, personally, and the Simon Roper Trust.

2. The Motion to Quash should be **GRANTED** as to any requests within the Subpoenas that seek information and documents related solely to Mrs. Roper

and her personal communications and finances, or the Lauren Roper Trust and its finances.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Beth Bloom, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE AND SUBMITTED** in Chambers this 25th day of April, 2022, at West Palm Beach in the Southern District of Florida.

BRUCE REINHART
UNITED STATES MAGISTRATE JUDGE